UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CHRISTUS HEALTH d/b/a USFHP,** | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-05-1045 |
| | § | |
| **AMISYS, LLC,** | § | |
| **AMISYS SYNERTECH, INC.,** | § | |
| And | § | |
| **STEVEN E. ROCK,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This case arises from a contract for the purchase, installation, and maintenance of a health care management software system. Plaintiff CHRISTUS Health d/b/a USFHP ("CHRISTUS") alleges that Defendants AMISYS, L.L.C.; AMYSIS SynerTech, Inc.; and Steven E. Rock (collectively, "AMYSIS") fraudulently induced and then breached the contract. Defendants have filed a motion to dismiss CHRISTUS's First Amended Original Petition pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief may be granted. After considering the parties' filings and the applicable law, the Court finds that Defendants' motion to dismiss, Docket No. 7, should be and hereby is **DENIED**.

I.  BACKGROUND[1]

In March 2001, CHRISTUS agreed to purchase the "Pathways" software system from a company called HBOC. A few months later, in June 2001, HBOC notified CHRISTUS that HBOC was contemplating a sale of assets to AMISYS. After requesting

---
[1] For purposes of this 12(b)(6) motion, the Court assumes that the facts are as CHRISTUS, the non-moving party, alleges them to be. *See, e.g.*, *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

and receiving assurances from AMISYS's Chief Executive Officer, Steven E. Rock, that AMISYS would adhere to the terms of the Pathways contract between HBOC and CHRISTUS, including the requirement that AMISYS maintain the software throughout the contract period, CHRISTUS consented to HBOC's assignment of the contract to AMISYS in August 2001.

In January 2003, AMISYS advised CHRISTUS that the Pathways software would be discontinued at the end of the contract term. AMISYS then immediately shifted maintenance and development resources away from Pathways and notified CHRISTUS that future development of Pathways would be limited to those changes required by federal regulations. In response, CHRISTUS terminated the contract, reverted to its previous information system, and filed this suit.

## II. ANALYSIS

### A. Standard of Review

Defendants have moved to dismiss the Complaint for failure to state a claim upon which relief may be granted. Under Fed. R. Civ. P. 12(b)(6), dismissal for failure to state a claim is appropriate only when "the pleadings on their face reveal beyond doubt that the plaintiffs can prove no set of facts that would entitle them to relief." *Garrett v. Commonwealth Mortgage Corp.*, 938 F.2d 591, 594 (5th Cir. 1991). "While the district court must accept as true all factual allegations in the complaint," however, "it need not resolve unclear questions of law in favor of the plaintiff." *Kansa Reinsurance Co. v. Congressional Mortgage Corp.*, 20 F.3d 1362, 1366 (5th Cir. 1994). "Moreover, when a successful affirmative defense appears on the face of the pleadings, dismissal under Rule 12(b)(6) may be appropriate." *Id.*

While a 12(b)(6) motion must be limited to the contents of the pleadings, the Fifth Circuit considers exhibits attached to a complaint to be part of the pleadings. *See Caine v. Hardy*, 943 F.2d 1406, 1411 n.5 (5th Cir. 1991), *cert. denied*, 503 U.S. 936 (1992); *see also United States ex rel. Wilkins v. N. Am. Constr. Corp.*, 173 F. Supp. 2d 601, 617 (S.D. Tex. 2001). Even documents presented by a defendant as attachments to a motion are considered part of the pleadings, "if they are referred to in the plaintiff's complaint and are central to her claim." *Wilkins*, 173 F. Supp. 2d at 617. Here, CHRISTUS's claim is based upon the contract between CHRISTUS and AMISYS and upon a written communication allegedly made by Rock on behalf of AMISYS. Therefore, Defendants' action in attaching those documents to their motion to dismiss did not convert the motion to one for summary judgment. The Court accordingly applies the 12(b)(6) standard to each of CHRISTUS's claims.

### B. The Breach of Contract Claim

CHRISTUS first alleges that AMISYS breached the contract by discontinuing support of the Pathways system before the contract term had expired, thereby rendering the system obsolete during a period when AMISYS was obligated to maintain it. (Pl.'s Resp. to Defs.' Mot. to Dismiss at 11.) Under Texas law, the elements of a breach of contract claim are "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from the breach." *Wright v. Christian & Smith*, 950 S.W.2d 411, 412 (Tex. App.—Houston [1st Dist.] 1997, no pet. h.).

AMISYS argues that CHRISTUS has failed adequately to plead the second element of its claim. The contract between CHRISTUS and AMISYS obligates each

party, before terminating the contract, to give the other written notice of any breach and 45 days within which to cure the breach. (*See id.* at 8, ¶ 11.1.) According to AMISYS, this provision makes notice a part of the performance required of CHRISTUS by the contract, and CHRISTUS's failure to allege such performance in its pleading justifies dismissal of its claim under Rule 12(b)(6). CHRISTUS contends that lack of notice and opportunity to cure is an affirmative defense and, therefore, is not an appropriate basis for dismissal at this stage.

In this circuit, as noted above, an affirmative defense may support dismissal under Rule 12(b)(6), if it appears on the face of the pleadings. *See Kansa Reinsurance Co.*, 20 F.3d at 1366. The Court should not dismiss a claim under 12(b)(6), however, if *any* set of facts would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Under the notice pleading system established by the Federal Rules of Civil Procedure, pleading is not "a game of skill in which one misstep by counsel may be decisive to the outcome," but rather a system designed "to facilitate a proper decision on the merits." *Id.* at 48. All that is required of the plaintiff at the pleading stage is "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at 47.

CHRISTUS's Petition provides ample notice of the bases for its claims. The Court therefore declines to dismiss CHRISTUS's breach of contract claim at this time. AMISYS is, of course, free to file a motion for summary judgment on the ground that CHRISTUS did not provide the required notice and opportunity to cure before terminating the contract. Both parties can then introduce evidence outside of the pleadings, which may assist the Court in resolving the issue.

## C. The Fraud Claim

"[W]hen one party enters into a contract with no intention of performing, that misrepresentation may give rise to an action in fraud." *Crim Truck & Tractor Co. v. Navistar Int'l Transp. Corp.*, 823 S.W.2d 591, 597 (Tex. 1992). CHRISTUS alleges that AMISYS committed fraud by agreeing to provide maintenance under the contract when in fact it had no intention of doing so. (*See* Pl.'s Resp. at 17.) CHRISTUS further alleges that AMISYS engaged in fraud in the inducement, which is defined in this circuit as

> [f]raud connected with [the] underlying transaction and not with the nature of the contract or document signed. Misrepresentation as to the terms, quality or other aspects of a contractual relation, venture or other transaction that leads a person to agree to enter into the transaction with a false impression or understanding of the risks, duties or obligations she has undertaken.

*FDIC v. Firemen's Ins. Co.*, 109 F.3d 1084, 1089 n.1 (5th Cir. 1997) (quoting *Black's Law Dictionary* 661 (6th ed. 1990)). According to CHRISTUS, AMISYS procured the contract by misrepresenting to CHRISTUS that AMISYS would continue to develop and support the Pathways software. (Pl.'s Resp. at 17.)

As AMISYS correctly points out, Texas law requires a plaintiff claiming fraud to show that (1) the defendant made a material representation to the plaintiff; (2) the representation was false; (3) the defendant knew that the representation was false when he or she made it, or made it recklessly without knowledge of its truth; (4) the defendant made the representation with the intent that the plaintiff would act on it; (5) the plaintiff relied upon the representation; and (6) that reliance caused the plaintiff's injury. *Ins. Co. of N. Am. v. Morris*, 981 S.W.2d 667, 674 (Tex. 1998). CHRISTUS's allegation that AMISYS intentionally misrepresented its intent with regard to maintenance of the software fulfills each of these criteria. In essence, CHRISTUS claims that AMISYS

purchased the Pathways system with the intention of terminating maintenance immediately and terminating the system itself as soon as possible, in order to induce Pathways users to convert to AMISYS's competing product. (*See* Pl.'s Resp. at 16-17.) CHRISTUS contends that it relied upon AMISYS's misrepresentations and suffered financial injury as a result. These allegations are sufficient to survive a 12(b)(6) challenge.

**CONCLUSION**

Defendants' motion to dismiss, Docket No. 7, is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 26th day of September, 2005.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER
SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND
AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT
ONE BY THE COURT.